**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | | |
|---|---|---|
| WILLIAM RINDLER<br>911 Jefferson Street<br>Troy, Ohio 45373, | )<br>)<br>) | CASE NO. |
| | ) | JUDGE: |
| Plaintiff, | )<br>) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| SUPERIOR METAL PRODUCTS INC. | ) | |
| 1501 Michigan St. | ) | **JURY DEMAND ENDORSED** |
| Sidney, OH 45365, | ) | **HEREIN** |
| | ) | |
| **Serve Also:** | ) | |
| SUPERIOR METAL PRODUCTS | ) | |
| INC. | ) | |
| c/o Corporation Service Company | ) | |
| 1160 Dublin Rd., Suite 400 | ) | |
| Columbus, Ohio 43215 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff William Rindler, by and through undersigned counsel, as his Complaint against

Defendant Superior Metal Products Inc. ("Superior") states and avers the following:

## PARTIES.

1. Rindler is a resident of the City of Troy, Miami County, Ohio.

2. Superior is a corporation for profit that, at all times referenced herein, did business at 1501

   Michigan St., Sidney, Ohio 45365.

## PERSONAL JURISDICTION.

3. Superior hires citizens of the state of Ohio, contracts with companies in Ohio, and owns or

   rents property in Ohio. As such, the exercise of personal jurisdiction over Superior

   comports with due process.

**SUBJECT MATTER JURISDICTION AND VENUE.**

4. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Rindler is alleging a Federal Law Claim under the Americans with Disabilities Act (ADA).

5. This Court has supplemental jurisdiction over Rindler's state law claims pursuant to 28 U.S.C. § 1367 as Rindler's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this District because Superior does a sizeable portion of their business in this District; they maintain a place of business in this district; and the wrongs herein alleged occurred and/or originated in this District.

**ADMINISTRATIVE HISTORY.**

7. On or about November 26, 2025, the EEOC issued a Notice of Right to Sue letter to Rindler regarding the Charges of Discrimination brought by Rindler against Superior in the Rindler EEOC Charge.

8. Rindler received his Right to Sue letter from the EEOC in accordance with 42 U.S.C. § 2000e-5(f)(1).

9. The Right to Sue letter is attached here as Exhibit A.

10. Rindler has properly exhausted his administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

**FACTUAL ALLEGATIONS.**

11. Rindler is a former employee of Superior.

12. Rindler began working for Superior on or around June 28, 2021.

13. Rindler worked for Superior as a Help Desk Analyst.

14. Rindler was diagnosed with Attention-deficit/Hyperactivity Disorder ("ADHD") a neurological condition that substantially limits major life activities ("Rindler's Disability").

15. Rindler made Superior aware of his disability at the time of his hire.

16. Rindler made Superior aware of the medication he was taking for his disability.

17. Rindler's Disability is a physical impairment that substantially affects major life activities like working.

18. Rindler is a qualified individual with a disability under the Americans with Disabilities Act and Ohio law.

19. On or around December 5, 2024, Rindler submitted a formal ADA accommodation request ("Accommodation Requests").

20. Rindler made his accommodation request to Human Resources manager Jessica Dunn.

21. Rindler's Accommodation Requests consisted of 30-60 minutes of interrupted focus time a day.

22. Rindler's Accommodation Requests consisted of an adjustable door sign to signal availability.

23. Rindler supported his reasonable requests with medical documentation.

24. On or around December 15, 2024, Superior denied Rindler's Accommodation Requests.

25. Before denying Rindler's Accommodation Requests, Superior did not determine the cost of Rindler's requested accommodations.

26. Before denying Rindler's Accommodation Requests, Superior did not determine the cost of providing any accommodation besides Rindler's requested accommodations.

27. Superior did not engage in any conversation with Rindler regarding any alternative accommodation options.

28. In response to Rindler's Accommodation Requests, Superior failed to engage in an interactive process to determine what accommodations Rindler could be provided as required by the ADA and Ohio law.

29. During Rindler's employment, Superior never explained why Rindler's Accommodation Requests was denied.

30. After making his formal accommodation request, Superior began retaliating against Rindler for making his requests.

31. Rindler was treated differently by Defendant because of his Disability.

32. From February 2025 through April 2025 Rindler was subject to retaliation by his manager Tyler Smith.

33. Smith repeatedly failed to communicate with Rindler regarding expectations and changes.

34. On April 24, 2025, Superior terminated Rindler ("Termination").

35. Superior terminated Rindler because of his disability.

36. Superior terminated Rindler because of his accommodation requests.

37. Superior terminated Rindler because it perceived him as disabled.

38. Terminating an employee based upon an employee's disability violates Superior's policies ("Anti-Discrimination Policy").

39. Alternatively, it is acceptable under Superior policy for supervisors to terminate an employee based on an employee's disability.

40. At all times referenced herein, Superior maintained a progressive disciplinary policy ("Discipline Policy").

41. A verbal warning is the lowest level of discipline in the Discipline Policy.

42. Rindler did not receive a verbal warning before the Termination.

4

43. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

44. Rindler did not receive a written warning before the Termination.

45. A termination is the highest level of discipline in the Discipline Policy.

46. By immediately terminating Rindler, Superior violated its own progressive disciplinary policy, skipping over all lesser forms of discipline.

47. Superior's stated reason for terminating Rindler is a pretext for disability discrimination.

48. Superior knowingly terminated Rindler's employment.

49. Superior knowingly took an adverse employment action against Rindler.

50. Superior knowingly took an adverse action against Rindler.

51. Superior intentionally skipped progressive disciplinary steps in terminating Rindler.

52. Superior intentionally terminated Rindler's employment.

53. Superior intentionally took an adverse employment action against Rindler.

54. Superior intentionally took an adverse action against Rindler.

55. Superior knew that skipping progressive disciplinary steps in terminating Rindler would cause Rindler harm, including economic harm.

56. Superior knew that terminating Rindler would cause Rindler harm, including economic harm.

57. Superior willfully skipped progressive disciplinary steps in terminating Rindler.

58. Superior willfully terminated Rindler's employment.

59. Superior willfully took an adverse employment action against Rindler.

60. Superior willfully took an adverse action against Rindler.

61.   As a direct and proximate result of Superior's conduct, Rindler suffered and will continue to suffer damages.

## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF THE ADA

62. Rindler restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

63. At the time of his employment Rindler was able to complete the essential functions of his job.

64. Rindler is disabled.

65. In the alternative, Defendant perceived Rindler as being disabled.

66. Rindler's condition constituted a physical impairment.

67. Rindler's condition substantially impaired one or more of his major life activities including working.

68. Defendant perceived Rindler's condition to substantially impair one or more of his major life activities including, but not limited to, working.

69. Defendant treated Rindler differently than other similarly-situated employees based on his disabling condition.

70. Defendant treated Rindler differently than other similarly-situated employees based on his perceived disabling condition.

71. Defendant terminated Rindler without just cause.

72. Alternatively, Defendant's cited reason for Rindler's termination was pretext.

73. Defendant terminated Rindler's employment based on his disability.

74. Defendant terminated Rindler's employment based on his perceived disability.

75. Defendant violated the ADA when it terminated Rindler based on his disability.

6

76. Defendant violated the ADA when it terminated Rindler based on his perceived disability.

77. Defendant violated the ADA by discriminating against Rindler based on his disabling condition.

78. Defendant violated the ADA by discriminating against Rindler based on his perceived disabling condition.

79. Rindler suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to the ADA.

80. As a direct and proximate result of Defendant's conduct, Rindler suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

**COUNT II: DISABILITY DISCRIMINATION IN VIOLATION OF R.C. § 4112 et seq.**

81. Rindler restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

82. At the time of his employment Rindler was able to complete the essential functions of his job.

83. Rindler is disabled.

84. In the alternative, Defendant perceived Rindler as being disabled.

85. Rindler's condition constituted a physical impairment.

86. Rindler's condition substantially impaired one or more of his major life activities including working.

87. Defendant perceived Rindler's condition to substantially impair one or more of his major life activities including, but not limited to, working.

88. Defendant treated Rindler differently than other similarly-situated employees based on his disabling condition.

89. Defendant treated Rindler differently than other similarly-situated employees based on his perceived disabling condition.

90. Defendant terminated Rindler without just cause.

91. Alternatively, Defendant's cited reason for Rindler's termination was pretext.

92. Defendant terminated Rindler 's employment based on his disability.

93. Defendant terminated Rindler 's employment based on his perceived disability.

94. Defendant violated R.C. § 4112.02 when it terminated Rindler based on his perceived disability.

95. Defendant violated R.C. § 4112.02 by discriminating against Rindler based on his disabling condition.

96. Defendant violated R.C. § 4112.02 by discriminating against Rindler based on his perceived disabling condition.

97. Rindler suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

98. As a direct and proximate result of Defendant's conduct, Rindler suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

### <u>COUNT III: DISABILTY DISCRIMINATION – FAILURE TO ACCOMMODATE IN VIOLATION OF THE ADA</u>

99. Rindler restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

100. As a result of Rindler's Disability, Rindler is and was considered disabled within the meaning of the ADA.

101. At the time of his employment Rindler was able to complete the essential functions of his job.

102. Rindler informed Defendant of his disabling condition.

103. Rindler requested reasonable accommodations for his disabling condition from Defendant.

104. There was an accommodation available that would have been effective and would not have posed an undue hardship to Defendant.

105. Defendant failed to engage in the interactive process of determining whether Rindler needed an accommodation.

106. Defendant failed to provide an accommodation.

107. Defendant violated the ADA when it failed to engage in the interactive process to find a reasonable accommodation for Rindler.

108. Defendant violated the ADA by not providing a reasonable accommodation for Rindler.

109. As a direct and proximate result of Defendant's failure to reasonably accommodate Rindler, Rindler suffered and will continue to suffer damages including economic and emotional distress damages.

110. In refusing to accommodate Rindler, Defendant acted with malice or reckless indifference to the rights of Rindler, thereby entitling Rindler to an award of punitive damages.

### COUNT IV: FAILURE TO ACCOMMODATE UNDER R.C. 4112.01 *et seq.*

111. Rindler restates each and every prior paragraph of this Complaint, as if fully restated herein.

112. Rindler informed Superior of his disabling condition.

113. At the time of his employment Rindler was able to complete the essential functions of his job.

114. Rindler requested accommodations from Superior to assist with his disability.

115. Rindler's requested accommodations were reasonable.

116. There was an accommodation available that would have been effective and would have not posed an undue hardship to Superior.

117. Superior failed to engage in the interactive process of determining whether Rindler needed an accommodation.

118. Superior failed to provide an accommodation.

119. Superior violated R.C. § 4112.02 by failing to provide Rindler a reasonable accommodation.

120. As a direct and proximate result of SUPERIOR's conduct, Rindler suffered and will continue to suffer damages, including economic and emotional distress damages.

## **DEMAND FOR RELIEF.**

WHEREFORE, Plaintiff Rindler respectfully requests that this Honorable Court grant the following relief:

(a) Issue a permanent injunction:

    (i)    Requiring Superior to abolish discrimination, harassment, and retaliation;

    (ii)    Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii)    Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to investigate complaints promptly and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv)    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

(v) Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) An award against Defendant of compensatory and monetary damages to compensate Rindler for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Rindler's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ William T. LaGrone
William T. LaGrone (0104199)
**SPITZ, THE EMPLOYEE'S LAW FIRM**
1105 Schrock Road Suite 307
Columbus, Ohio 43229
Phone: (614) 468-8043
Fax:     (216) 291-5744
Email:  William.lagrone@spitzlawfirm.com

*Attorney for Plaintiff William Rindler*

11

## JURY DEMAND.

Plaintiff William Rindler demands a trial by jury by the maximum number of jurors permitted.

/s/ William T. LaGrone
William LaGrone (0104199)
**SPITZ, THE EMPLOYEE'S LAW FIRM**

*Attorney for Plaintiff William Rindler*

12